UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00235 |
| | ) | JUDGE CAMPBELL |
| JEREMIAH ODELL BRADSHAW | ) | |

ORDER

Pending before the Court are the Defendant's Motion To Remove Detainer And To Grant All Federal Sentence Of 18 Months as Expired; Request For Writ Of Mandamus (Docket No. 116), and the Government's Response in opposition (Docket No. 118). Through the Motion, the Defendant requests that the Court order the removal of a federal detainer lodged against him; order the Bureau of Prisons to give him certain sentencing credit; and order that his federal sentence be served concurrently to a later-imposed state sentence. For the reasons set forth below, the Motion is DENIED.

On January 24, 2011, the Defendant pled guilty, pursuant to a Plea Agreement, to conspiracy to commit theft of mail, in violation of 18 U.S.C. § 371. (Docket Nos. 77, 80). On April 19, 2011, the Defendant was sentenced to 18 months of imprisonment. (Docket Nos. 101, 102, 103). The record indicates that the Defendant was in the custody of Cheatham County Jail when he was ordered to appear on the charges in this case, and remained in federal custody until the proceedings were completed. (Docket Nos. 22, 29). The Presentence Investigation Report indicates that the Defendant had pending state charges in Cheatham County for aggravated robbery, criminal impersonation, and jail escape at the time he was sentenced. (Docket No. 120, at ¶¶ 59, 60).

According to the Defendant's Motion, after the sentencing hearing in this case, he was released into the custody of the State of Tennessee. The Defendant indicates that he was subsequently sentenced by the State, and that the state sentence was ordered to run concurrently to the federal sentence.

The Defendant's first request, that the federal detainer be removed, is now moot. According to documents filed by the Government (Docket No. 118-1), the Defendant was released by the State of Tennessee to federal authorities pursuant to a federal detainer on March 10, 2014.

The Defendant also requests that the Bureau of Prisons be ordered to give him credit for time spent in state custody such that his federal sentence would be satisfied. That request is denied. Courts have held that a prisoner's challenge to the execution of his sentence, including the determination of credit for time served, must be filed under 28 U.S.C. § 2241 in the district court having jurisdiction over the prisoner's custodian. See, e.g., Sutton v. United States, 172 F.3d 873 (6th Cir. 1998); Doan v. Lamanna, 28 Fed.Appx. 297, 2001 WL 1299260 (6th Cir. Aug. 10, 2001); United States v. Ford, 16 Fed.Appx. 314, 2001 WL 861737 (6th Cir. June 20, 2001). See also Setser v. United States, 132 S. Ct. 1463, 1473 (2012). The Defendant's Motion has not been brought under Section 2241, nor does it indicate compliance with the procedural requirements of Section 2241. In addition, Defendant's filing indicates that he is not incarcerated in the Middle District of Tennessee. Thus, the Court does not have jurisdiction of the Defendant's challenge to any Bureau of Prison's determination.

The Defendant's request that the Court amend the judgment to order that his sentence run concurrent to the state sentence is also denied. A district court has the authority to alter a

sentence only in certain narrow circumstances: (1) to correct a "clear error" within fourteen days after imposition of sentence, Fed.R.Crim.P. 35(a); (2) to correct a clerical error at any time, Fed.R.Crim.P. 36; (3) to grant a motion made by the Government for a reduced sentence, Fed.R.Crim.P. 35(b); (4) to correct a sentence upon remand from a higher court, 18 U.S.C. § 3742; (5) to apply a Sentencing Guideline made retroactive, or to the extent otherwise expressly permitted by statute, 18 U.S.C. § 3582(c)(1)(B), (c)(2); and (6) upon a motion by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1). United States v. Penson, 526 F.3d 331(6th Cir. 2008); United States v. Robinson, 368 F.3d 653, 656-57 (6th Cir. 2004). This case does not fall within any of these categories, and therefore, the Defendant has not established a legal basis for amending the judgment.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE